**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

MARK ANDRE BUTLER                                                            PLAINTIFF

v.                                3:14CV00192-BSM-JTK

CRAIGHEAD COUNTY DETENTION CENTER, et al.              DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

**I.    Introduction**

Plaintiff Mark Butler is an inmate confined at the Craighead County Detention Facility (Jail), who filed this pro se 42 U.S.C. § 1983 action, alleging denial of adequate dental care (Doc. No. 1). By Order dated August 26, 2014, this Court granted Plaintiff's Motion to Proceed in forma pauperis in this lawsuit, and provided him the opportunity to file an Amended Complaint, noting that he did not include any allegations of unconstitutional acts by the two named Defendants, Jackson and Reece (Doc. No. 4). The Court also noted that the Amended Complaint would render the Original Complaint without legal effect. Plaintiff has now filed an Amended Complaint against Defendants (Doc. No. 5). Having reviewed such, the Court finds it should be dismissed, for failure to state a claim upon which

relief may be granted.

## II.     Screening

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

Additionally, to survive a court's 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1) screening, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009),

citing Twombly, 550 U.S. at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Twombly, 550 U.S. at 556-7. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." Id.

**III.    Facts and Analysis**

Plaintiff alleges in his Amended Complaint that he lost the fillings in two of his teeth, and "the nurse in Infirmary tell me to order some Ibuprofin (sic), Tylenol, on Commissary store call." (Doc. No. 5, p. 4.) Despite this Court's directions in the August 26, 2014 Order, however, Plaintiff does not include any specific allegations against the two named Defendants, Reece (identified in Amended Complaint as Reeves) and Jackson.[1]

In order to support a claim for relief against Defendants pursuant to 42 U.S.C. § 1983, Plaintiff must allege that a person acting under the color of state law deprived him of some Constitutional right. Griffin-El v. MCI Telecommunications Corp., et al., 835 F.Supp. 1114, 1118 (E.D.MO 1993). If Plaintiff is incarcerated as a pretrial detainee, the due process standard of the Fourteenth Amendment applies to determine the constitutionality of his conditions of confinement.

---

[1]The Court instructed Plaintiff that the Amended Complaint should: **"1) name all the parties he believes deprived him of his constitutional rights and whom he wishes to sue in this action; 2) provide specific facts against each named Defendant in a simple, concise, and direct manner; 3) indicate whether he is suing each Defendant in his/her individual or official capacity, or in both capacities; 4) state how he was harmed; and 5) state whether he is incarcerated as a pretrial detainee**." (Doc. No. 4, p.4.)

Bell v. Wolfish, 441 U.S. 520, 535 (1979). In the Eighth Circuit, however, the standards applied to such claims are the same as those applied to Eighth Amendment claims. Whitnack v. Douglas County, 16 F.3d 954, 957 (8th Cir. 1994). Therefore, in order to support an Eighth Amendment claim for relief, Plaintiff must allege that Defendants were deliberately indifferent, that is, that they knew of, and yet disregarded, an excessive risk of harm to Plaintiff's health and safety. Farmer v. Brennan, 511 U.S. 825, 834 (1994). Plaintiff's vague allegation that a nurse directed him to order a pain medication from the commissary, absent more specific details or facts, does not support a claim for deliberate indifference against Defendants Reece (Reeves) and Jackson.

**IV.    Conclusion**

IT IS, THEREFORE, RECOMMENDED that:

1.    Plaintiff's Amended Complaint against Defendants be DISMISSED without prejudice, for failure to state a claim upon which relief may be granted.

2.    Dismissal of this action constitute a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).[2]

3.    The Court certify that an in forma pauperis appeal from an Order and Judgment dismissing this action would not be taken in good faith, pursuant to 28 U.S.C. § 1915(a)(3).

---

[2]The statute provides that a prisoner may not file an in forma pauperis civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.

IT IS SO RECOMMENDED this 22nd day of September, 2014.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE